## XING GUO WANG

v.

## ATTORNEY GENERAL OF
## the UNITED STATES.

### No. 05–2450.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) May 15, 2006.

Opinion filed July 17, 2006.

Gary J. Yerman, Yerman & Associates, New York, NY, for Xing Guo Wang.

Richard M. Evans, Linda S. Wendtland, Donald A. Couvillon, Patricia A. Smith, Washington, DC, for Attorney General of the United States.

Before McKEE, GARTH, Circuit Judges and LIFLAND,* Senior District Judge.

McKEE, Circuit Judge.

Xing Guo Wang asks us to review the Board of Immigration Appeal's affirmance of the Immigration Judge's order denying relief from removal. For the reasons that follow, we will dismiss the petition for review.

Wang argues that his petition for review should be granted because the BIA erred in affirming the decision of the Immigration Judge based upon the latter's improper reliance upon unsupported and irrelevant credibility determinations as well as errors the IJ purportedly made in denying Wang's claim of political persecution and persecution based upon China's family planning policies. However, after the BIA affirmed the IJ's decision, Wang filed a motion for reconsideration with the BIA rather than filing a petition for review in the appropriate Court of Appeals. After the BIA denied the motion for reconsideration, Wang petitioned for review of the order denying reconsideration, but did not file a timely appeal of the IJ's underlying order.

A petition for review must be filed within 30 days after a final order of removal. 8 U.S.C. § 1105(a)(1994). The BIA affirmed the IJ's denial of relief from removal without opinion on April 4, 2003. Accordingly, that decision became the final agency determination. 8 C.F.R. § 1003.1(e)(4) (2005). No petition for review was filed from that final order within the required 30 days. Rather, on April 23, 2003, Wang filed a motion for reconsideration of that April 4, order with the BIA asking the BIA to review the IJ's adverse credibility determination. The BIA denied that motion for reconsideration on June 30, 2003 based upon Wang's failure to identify an error of fact or law in the IJ's ruling.

This petition for review was then filed on July 28, 2003, well after the 30 days required to appeal the underlying final order. Although Wang filed this petition for review within 30 days of the BIA's dismissal of his motion for reconsideration, it is clear that he did not file within 30 days of the "final agency determination;" the underlying order of the BIA denying his appeal of the IJ's denial of relief.** "The requisite time for filing a petition for

---

* The Honorable John C. Lifland, Senior District Judge of the United States District Court for the District of New Jersey, sitting by designation.

** Wang petitions for the review of a final order of the BIA June 30, 2003 decision. However,

since the underlying final order was entered on April 4, 2003, and no petition for review was filed within the 30 day requisite time after that underlying final order, Wang has waived the issues presented in his brief.

review is jurisdictional, and a timely motion for reconsideration does not render the underlying final order non-final." *Stone v. INS,* 514 U.S. 386, 394–95, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995). Accordingly, we have no jurisdiction to consider the petition for review. Accordingly, we will dismiss the petition.